UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL F. STENGER,<br><br>               Petitioner,<br><br>    v.<br><br>SANDRA CARTER,<br><br>               Respondent. | Case No.  C05-5687RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**February 17th, 2006** |

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254 to challenge a 1988 Clark County conviction for first degree murder with aggravating circumstances.  He is serving a sentence of life without the possibility of parole.  (Dkt. # 8).

    The court reviewed the petition and attachments and memorandum in support.  (Dkt. # 8) The court then reviewed the history of its own court records and finds petitioner has previously filed a habeas petition challenging the same conviction.  <u>Stenger v. Lambert</u>, CV 00-5625RJB.  That petition was dismissed with prejudice.  (<u>Stenger v. Lambert</u>, CV 00-5625RJB, Dkt. # 15). Accordingly this petition is successive.

    This file should be administratively closed and the case transferred to the Ninth Circuit in

REPORT AND RECOMMENDATION
Page - 1

accordance with Circuit Rule 22-3(a).

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

> (a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application Must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

Here, the petitioner is filing a successive petition challenging the same conviction. See, Stenger v. Lambert CV 00-5625RJB. That petition was dismissed with prejudice. Clearly, the instant petition should be treated as a "second or successive" petition. The petition should be transferred.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 17th, 2006**, as noted in the caption.

DATED this 9th day of January, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2